1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENIO BELTRAME,<br><br>                              Plaintiff,<br>    vs.<br><br>JPMORGAN CHASE BANK,<br>WASHINGTON MUTUAL BANK, et al.,<br><br>                            Defendants. | CASE NO. 10-CV-164 JLS (AJB)<br><br>**ORDER: (1) GRANTING REQUEST FOR JUDICIAL NOTICE AND (2) GRANTING MOTION TO DISMISS**<br><br>(Doc. No. 22) |

Presently before the Court are Defendant JPMorgan Chase Bank, N.A.'s motion to dismiss and request for judicial notice. (Doc. Nos. 22-1 & 22-2.) The Court has also received Plaintiff's opposition and Defendant's reply. (Doc. Nos. 25 & 26.) Both the request for judicial notice and motion to dismiss are **GRANTED**.

## BACKGROUND

Plaintiff Eugenio Beltrame owns the property located at 45600 Rainbow Canyon Road, Temecula, California. (Doc. No. 21 (FAC) ¶ 2.) On "July 17, 2007, Plaintiff applied for a loan with Defendant WASHINGTON MUTUAL BANK." (*Id.*) This loan, amounting to $372,000, was approved the next day and secured by a deed of trust on the property. (*Id.* ¶ 3.) In April 2009, "Plaintiff began to suspect that Defendant JPMORGAN CHASE BANK was overcharging Plaintiff for his mortgage payment." (*Id.* ¶ 4.) He alleges that he subsequently sent Defendant two Qualified Written Requests (QWRs), and that Defendant only responded to one. (*Id.* ¶¶ 5–9.)

//

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[1] *Ashcroft v. Iqbal*, – US — , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving

---

[1] The legal standard for Rule 12(b)(6) motions in Plaintiff's Opposition brief is deeply flawed and hints at a lack of thoroughness and thoughtfulness in its composition. For example, Plaintiff cites only cases out of the Fifth Circuit and district courts in Texas. (Opp. at 5–6.) These cases are neither binding nor helpful. There are several recent United States Supreme Court cases directly on point and innumerable Ninth Circuit and California district court orders dealing with precisely this issue. Moreover, the cases cited in the opposition were largely superceded by the Supreme Court's opinions in *Ashcroft v. Iqbal*, – US — , 129 S. Ct. 1937 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

## ANALYSIS

### I.    DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

Defendant moves the Court to take judicial notice of three documents.  (Doc. No. 22-2 (RJN).) It requested that this Court take judicial notice of the same three documents for purposes of its previous motion to dismiss.  (Doc. No. 12-2.)  The Court granted that request, and finds it proper to **GRANT** it here as well.  (*See* Doc. No. 20 (Prior Order) at 3.)  Although Plaintiff again objects, his objections are word-for-word identical to those made in opposition to the documents' consideration for the prior motion to dismiss.  (*Compare* Doc. No. 14 at 19–20; with Opp. at 14.)  As the Court observed in its Prior Order, these "broad and generalized allegations of general impropriety with the mortgage market" are inadequate to merit denial of this motion and do not "offer any actual reasons for the Court to decline this request for notice."  (Prior Order at 3.)

### II.    REAL ESTATE SETTLEMENT PROCEDURE ACT CLAIM

Plaintiff's first cause of action alleges violations of the Real Estate Settlement Procedure Act (RESPA).  According to Plaintiff "Defendant JPMORGAN CHASE BANK failed to properly respond to Plaintiff's inquiry and Qualified Written Request [(QWR)] by not responding in a timely manner and by not providing all of the requested information.  Further, Defendant JPMORGAN CHASE BANK did not make corrections to Plaintiff's account, crediting late charges and penalties, or provide Plaintiff with an explanation as to why it believed the account was correct."  (FAC ¶ 17.)

Plaintiff's RESPA complaints arise out of 12 U.S.C. § 2605.  Section 2605(e)(1)(A) provides, in relevant part:

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower . . . for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period.

A qualified written request is "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer that—(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the

belief of the borrower , to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). A plaintiff suing for violation of this section may recover actual damages, up to $1,000 in statutory damages where there is "a pattern or practice of noncompliance," and reasonable costs and attorney's fees. 12 U.S.C. § 2605(f).[2]

This cause of action fails to state a claim for several reasons. First, the FAC assumes but does not allege facts demonstrating that the documents sent to Defendant were QWRs. (*See* FAC ¶¶ 5 & 8.) The allegations merely state that "Plaintiff sent Defendant . . . a Qualified Written Request." (*Id.* ¶ 5.) This does not show that the alleged QWR "include[d], or otherwise enable[d] the servicer to identify, the name and account of the borrower." 12 U.S.C. § 2605(e)(1)(B)(i). Nor are there facts indicating that the QWR "included a statement of reasons for the belief of the borrower . . . that the account is in error." *Id.* § 2605(e)(1)(B)(ii). Without these allegations the Court cannot find that Plaintiffs' recovery is plausible. *See Lincoln v. GMAC Mortgage, LLC*, 2009 WL 5184413, at *2 (C.D. Cal. 2009).

Although it is true that "[t]here is no requirement for Plaintiff to list specifically word for word what was contained in the written correspondence in a complaint to sustain the cause of action," that does not save this cause of action. (Opp. at 10.) A legal theory is not plausible when the complaint does not allege facts which would permit recovery. *Idqbal*, 129 S. Ct. at 1949. That is not to say that Plaintiff must provide "detailed factual allegations," but his allegations must be more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.*; *Twombly*, 550 U.S. at 555 (citing *Papasan*, 478 U.S. at 286). That is what the FAC presents here, baldly alleging that the correspondence was a QWR without including sufficient facts to make that legal conclusion plausible. Plaintiff need not include the text of the alleged QWR word-for-word to remedy this problem (although he could certainly attach them as exhibits to the complaint if he chose) but he must present more than what is in the FAC.

---

[2] Although Defendant appears to suggest that Plaintiff must show both actual damages and a pattern or practice of non-compliance, that is incorrect. (*See* Memo. ISO Motion at 5.) The pattern or practice requirement applies only to an award of "additional damages," not to an award of actual damages. *See* 12 U.S.C. § 2605(f)(1).

1     Further, Plaintiff has not adequately pled an injury.   At best, the FAC notes the legal

2   proposition that Plaintiff could recover actual or statutory damages.  (FAC ¶ 19.)  Although Plaintiff

3   claims that he "has alleged that Defendant JP MORGAN's violation of RESPA caused him actual and

4   pecuniary damages," he provides no indication of where such an allegation lies.  (Opp. at 11.)   Nor

5   can the Court find an allegation of actual damages which result from the alleged failure to respond to

6   the QWR.  RESPA allows recovery only for "actual damages . . . as a result of [Defendant's] failure"

7   to respond to the QWR and statutory damages in the event of a pattern or practice of non-compliance.

8   12 U.S.C. § 2605(f)(1).  As a result, where, as here, the Plaintiff does not allege facts which would

9   support a finding of actual damages resulting directly from the alleged QWR violation or a pattern or

10   practice of non–compliance, the right to relief is implausible and the claim must be **DISMISSED**.

11   *See Garcia v. Wachovia Mortgage Corp.*, 676 F. Supp. 2d 895, 909 (C.D. Cal. 2009).

## III.     FRAUD CLAIM

13     Plaintiff's second cause of action alleges that JPMorgan defrauded him.  (FAC ¶¶ 20–27.)

14   According to Plaintiff, Defendant "knowingly sent Plaintiff billing statements on his loan with []

15   fraudulent overcharges with the intent to induce the relieance of Plaintiff and for Plaintiff to pay the

16   fraudulent overcharges on his mortgage payment."  (*Id.* ¶ 22.)

17     "The elements of fraud, which gives rise to the tort action for deceit, are (a) misrepresentation

18   (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c)

19   intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."  *Small v.*

20   *Frits Cos., Inc.*, 65 P.3d 1255, 1258 (Cal. 2003) (quoting *Lazar v. Superior Court*, 909 P.2d 981, 984

21   (Cal. 1996)).   In federal court, Federal Rule of Civil Procedure 9(b) sets the bar for claims alleging

22   fraud.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–03 (9th Cir. 2003).  Rule 9(b) states that

23   "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud

24   or mistake."  These allegations must "be 'specific enough to give defendants notice of the particular

25   misconduct . . . so that they can defend against the charge and not just deny that they have done

26   anything wrong.'  Averments of fraud must be accompanied by 'the who, what, when, where, and

27   how' of the misconduct charged.  '[A] plaintiff must set forth more than the neutral facts necessary

28   to identify the transaction. The plaintiff must set forth what is false or misleading about a statement,

1    and why it is false.'" *Vess*, 317 F.3d at 1106 (citations omitted).

2          Plaintiff has not satisfied the pleading standard set forth by Rule 9(b).  Although he claims that

3    the billing statements were "fraudulent," he does not provide any real explanation.  For example,

4    Plaintiff fails to "set forth what is false or misleading about [his billing] statement[s], and why [they

5    are] false." *Id.*  The mere claim of "overcharging" does not explain what or how these bills claimed

6    that Plaintiff owed more than his contractual mortgage obligation.  Without this adequate specificity

7    regarding the fundamental element of a misrepresentation, this claim must be **DISMISSED**.

8    **IV.   UNJUST ENRICHMENT CLAIM**

9          The FAC's third claim alleges unjust enrichment.  (FAC ¶¶ 28–34.)  Specifically, Plaintiff

10   believes that the inflated billing statements caused him to pay Defendant JPMorgan money which he

11   did not owe.  (*Id.* ¶¶ 29–30.)  He argues that the acceptance of these payments unjustly enriched

12   JPMorgan and thus he is entitled to restitution.  (*Id.* ¶¶ 31–32.)

13         The elements of an unjust enrichment claim are: (1) receipt of a benefit; and (2) the unjust

14   retention of the benefit at the expense of another.  *Peterson v. Cellco P'ship*, 80 Cal. Rptr. 3d 316, 323

15   (Cal. Ct. App. 2008).  "However, the mere fact that a person benefits another is not of itself sufficient

16   to require the other to make restitution therefor.  Thus, even when a person has received a benefit from

17   another, he is required to make restitution only if the circumstances of its receipt or retention are such

18   that, as between the two persons, it is unjust for him to retain it."  *Cal. Med. Ass'n, Inc. v. Aetna U.S.*

19   *Healthcare of Cal., Inc.*, 94 Cal. App. 4th 151, 171 n.23 (2001).

20         The Court finds that Plaintiff's FAC fails to raise his right to relief for unjust enrichment above

21   the speculative level.  As discussed *supra*, Plaintiff has not pled facts which would establish that he

22   actually paid more than he owed on his loan.  As Defendant notes, the mere repayment of what was

23   owed on the loan would almost certainly not state an unjust enrichment claim.  (Memo. ISO Motion

24   at 7.)  And at this point, Plaintiff has merely stated the legal conclusion that he was over-billed and

25   overpaid for his loan.  However, without the factual allegations which would support this conclusion,

26   the third claim must be **DISMISSED**.

27   //

28   //

**CONCLUSION**

For the reasons stated, Defendant's motion to dismiss is **GRANTED** and the FAC is **DISMISSED WITHOUT PREJUDICE**.[3] Further, the Court finds that each of the defects identified could potentially be cured through further amendment. Therefore, the Court **GRANTS** Plaintiff leave to amend. Any amended complaint **MUST BE FILED** within 21 days of the date this Order is electronically docketed.

IT IS SO ORDERED.

DATED: August 25, 2010

Honorable Janis L. Sammartino
United States District Judge

---

[3]  Again, the Court declines to address Defendant's arguments regarding their liability for borrower claims pursuant to the Purchase and Assumption Agreement entered into between Defendant and the FDIC.